**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

IN RE:

CASE NO. 19-10655-JKO

CONSUMER ADVOCACY CENTER, INC.

CHAPTER 11 PROCEEDING

    Debtor

_____/

## MOTION FOR AUTHORITY TO RETAIN ATTORNEY FOR DEBTOR-IN-POSSESSION

CONSUMER ADVOCACY CENTER, INC., Debtor-in-possession, ("Debtor"), respectfully files this Motion for Authority to Retain Attorney for Debtor-in-possession, and requests an Order of the Court authorizing the employment of BRIAN S. BEHAR of the law firm of BEHAR, GUTT & GLAZER, P.A., to represent the Debtor in this case, and states:

1.      On January 16, 2019, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code.

2.      The Debtor desires to employ BRIAN S. BEHAR of BEHAR, GUTT & GLAZER, P.A., as attorney in this case.

3.      The Debtor believes that the attorney is qualified to practice in the Bankruptcy Court and is qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

4.      The professional services the attorney will render are summarized as follows:

    a.      To give advice to the Debtor with respect to its powers and duties as a debtor-in-possession, and the continued management of his business operations and property;

    b.      To advise the Debtor with respect to its responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

-2-

    c.      To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case; and

    d.      To protect the interests of the Debtor with its creditors in the preparation of a Plan.

    5.      To the best of Debtor's knowledge, neither said attorney nor said law firm have any connection with the creditors or other parties in interest or their respective attorneys. Neither, BRIAN S. BEHAR nor BEHAR, GUTT & GLAZER, P.A. represent any interest adverse to the Debtor.

    6.      Attached to this Motion is the proposed attorney's Affidavit demonstrating BRIAN S. BEHAR and BEHAR, GUTT & GLAZER, P.A. are disinterested as required by 11 U.S.C. §327(a).

    **WHEREFORE**, the Debtor respectfully requests that this Court consider the instant motion, and that the Court enter an Order authorizing the immediate retention of BRIAN S. BEHAR and the law firm of BEHAR, GUTT & GLAZER, P.A. on a general retainer, pursuant to 11 U.S.C. §330.

DATED: February //, 2019

                              CONSUMER ADVOCACY CENTER, INC.

                              By:_____

                                     ALBERT KIM

                            Its:___President_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE:

CONSUMER ADVOCACY CENTER, INC.

     Debtor

_____/

CASE NO. 19-10655-JKO

CHAPTER 11 PROCEEDING

<u>**AFFIDAVIT OF PROPOSED ATTORNEY FOR DEBTOR**</u>

STATE OF FLORIDA      )
                     ) ss:
COUNTY OF BROWARD   )

     ON THIS DAY personally appeared before me, BRIAN S. BEHAR, who is personally known to me and who did take an oath, and states as follows:

     1.     I am an attorney admitted to practice in the State of Florida and the United States District Court for the Southern District of Florida.   I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

     2.     I am a member of the law firm of BEHAR, GUTT & GLAZER, P.A. with offices located at DCOTA, Suite A-350, 1855 Griffin Rd., Ft. Lauderdale, FL 33004.

     3.     Neither I, nor BEHAR, GUTT & GLAZER, P.A., represent any interest adverse to the Debtor or the estate, and we are disinterested persons as required by 11 U.S.C. §327(a).

     4.     Affiant has never  represented the Debtor in any matter prior to the instant chapter 11 case.  Except for the continuing representation of the Debtor, neither I, nor the firm, has or will represent any other entity in connection with this case and neither I, nor the firm, will accept any fee from any other party or parties in this case, except the debtor-in-possession, except as set forth in this paragraph.

     5.     Attached to this Affidavit is a true copy of the retainer agreement executed by the  Debtor and my firm, with respect to the representation of the Debtor in this chapter 11 case.

                    FURTHER AFFIANT SAYETH NAUGHT.

_____
               BRIAN S. BEHAR

     SWORN TO AND SUBSCRIBED  before me this 11th day of February, 2019, by _Brian S. Behar_ who is personally known to me or produced _____ as identification and who did (did not) take an oath.

JEAN M. BARRETO
MY COMMISSION # GG 183682
EXPIRES: February 19, 2022
Bonded Thru Notary Public Underwriters

_____
               NOTARY PUBLIC

My commission expires:

LAW OFFICES

# BEHAR, GUTT & GLAZER, P.A.

1855 GRIFFIN ROAD
DCOTA  A-350
FORT LAUDERDALE, FLORIDA 33004

———————

| | | |
|---|---|---|
| BRIAN S. BEHAR* | BROWARD: | (954) 733-7030 |
| IRA GUTT | DADE: | (305) 931-3771 |
| DAVID L. GLAZER** | DADE FAX: | (305) 931-3774 |
| ROBERT J.  EDWARDS | | |
| DANIELLE S. FEUER | PALM BEACH: | (561) 347-7160 |
| | PALM BEACH FAX: | (561) 347-7164 |

E-MAIL: bsb@bgglaw.com

www.bgglaw.com

————

CHARLES BLAKE  DYE***
MARIBEL DIAZ
STACEY GLADDING

————

*    ALSO ADMITTED IN NY & NJ
**   RETIRED
***  ALSO ADMITTED IN  IL

December 6, 2018

*Via E-Mail:*

Consumer Advocacy Center Inc.
173 Technology Drive
Suite 202
Irvine, CA 92618

Re:    *Chapter 11*

To Whom It May Concern:

Although we do not wish to be overly formal in our relationship with you, we have found it a helpful practice to confirm with clients the nature and terms of our representation. You have engaged us to represent your company in connection with the above-referred matter.  Our representation will begin upon receipt of the retainer discussed below in cleared funds and, of course, is terminable at will by either you or us, subject to your payment of all fees, for services performed and costs advanced through the date of termination.

For purposes of this Retainer Agreement, Counsel shall represent Client as to the matter(s) as described above.  The legal services to be provided by Counsel shall include drafting all legal documents, legal research, and all related work required to properly represent Client in the matter.  Counsel does not guarantee or predict the outcome or result of the matter.

Consumer Advocacy Center Inc.
December 6, 2018
Page #2

1.  Counsel will review, prepare, negotiate, and revise all documentation related to the matter. Client shall provide Counsel with all documents which describe specifically and in general terms the matter and shall identify to Counsel all persons who are expected to be involved in the matter and their various legal, accounting and other relevant representatives.

2.  Client and Counsel agree that Counsel's fee shall be based on the standard hourly rates for individual attorneys and professionals currently associated with Counsel. The hourly rates are subject to change from time to time and Counsel agrees to promptly notify Client of such changes. The hourly rates for professionals presently associated with Counsel are currently as follows:

    | | |
    |---|---|
    | **Brian Behar:** | **$425.00** |
    | **Ira Gutt:** | **$425.00** |
    | **Robert J. Edwards:** | **$425.00** |
    | **Associates:** | **$350.00** |

    The hourly rates referenced above do not include the other fees, charges and expenses described herein.

    Fees for Counsel's professional services shall be billed monthly. Other fees, charges and expenses paid by Counsel for Client in regard to the matter will be billed monthly to Client together with the billings for fees. The billings shall include applicable sales taxes, if any.

    The hourly rate includes time spent for conferences, telephone, drafting, negotiations, research, and travel, if needed. You will not be billed for secretarial time, except for secretarial overtime necessitated by the matter. It is the practice of our office to charge not less than two-tenths (2/10) of an hour for each telephone call, no matter how short its duration, and such additional time as may actually be expended whether the telephone calls are from or to you or others concerning your matter. Our fees and costs are not contingent upon their deductibility for the purposes of any tax return.

3.  We shall have the authority to expend and advance costs on behalf of the Client. Cost include long-distance telephone calls, telefaxes, postage, photocopies, deposition and transcript expenses, court costs, courier and messenger services, charges for serving and filing papers, overnight delivery services, recording and certifying costs for documents.

Consumer Advocacy Center Inc.
December 6, 2018
Page #3

Client authorize Counsel to retain and agree to pay the fees or charges of every other person or entity hired by Counsel to perform necessary services related to the matter. Such other persons and entities may include, but are not limited to, court reporters, escrow agents, accountants, investigators, expert witnesses, trust officers, and other attorneys hired for ancillary matters or matters requiring Counsel in other localities. Client authorize Counsel, in Counsel's discretion, to direct such other persons and companies to render statements for services rendered and expenses advanced either directly to Client or to Counsel, in which event Client agree to promptly reimburse Counsel for the full amount of such statements. <u>You shall keep payment current on all advances</u>.

In accordance with our standard procedures, we will bill you monthly for legal services rendered and out-of-pocket costs incurred on your behalf during the immediately preceding month. Our monthly statements to you will summarize each matter for which legal services were rendered and the fee charged for the matter. Also, the statement will include an itemized description of out-of-pocket costs advanced by us on your behalf, and will be forwarded to the address above.

Payment is due in full when you receive the statement. However, if payment is not remitted within fifteen (15) days from the date of the billing statement, we will bill you for an interest charge at the rate of one percent (1%) per month from the fifteenth (15th) day after the date of the billing statement until paid. We are available to discuss the status of your account at all times and would like you to feel free to get in touch with us if you have questions concerning the account.

4.    Counsel agrees to assert a diligent effort to assure that Client is informed at all times as to the status of the matter and as to the courses of action which are being followed, or are being recommended, by Counsel. Counsel agrees to provide to Client all written materials sent or received by Counsel pertaining to the matter, which copies shall be provided to Client at the time the materials are sent or received. All of Counsel's work product shall be owned by Counsel.

We would also like to note some aspects of the professional ethics that will govern our representation. As a matter of professional responsibility, we are generally required to preserve the confidences and secrets of our Client. This professional obligation and the legal privilege for attorney-Client communications exist to encourage candid and complete communication between a Client and its lawyer. We can perform beneficial services for you only if we are aware of all information that might be relevant to our representation. Consequently, we trust that our attorney-Client relationship with you will be based on mutual confidence and unrestricted communication that will facilitate our proper representation of your interests.

Consumer Advocacy Center Inc.
December 6, 2018
Page #4

We invite you to discuss freely with us any questions you may have concerning our understanding relative to the fee arrangement or to particular fees charged for any matters.

We want you to be satisfied with both the quality of our legal work and the reasonableness of the fees we charge for those services. We have found that an engagement letter that confirms the general scope of the representation and outlines the fee and cost arrangements assists both the lawyer and the Client in dealing with the business side of their relationship while preserving a good working relationship with respect to the representation of the Client.

5.      Client and Counsel agree that an initial refundable retainer is due and payable upon return to Counsel of an executed copy of the agreement. **SUCH INITIAL REFUNDABLE RETAINER SHALL BE IN THE AMOUNT OF THIRTY ONE THOUSAND ONE HUNDRED SEVENTY ONE DOLLARS AND 00/XX ($31,171.00) AS AN ADVANCE AGAINST COUNSEL'S FEES FOR SERVICES RENDERED IN THIS MATTER.** In addition, if Client do not pay the full amount of any bill, and Counsel must enforce collection, Client agree to pay all legal fees and costs, including attorneys fees at trial and on appeal, incurred by Counsel (either for its own attorneys at the normal hourly rates or outside Counsel which Counsel may choose to retain) in such action. Client understand that the initial retainer paid is an advancement of fees and cost, and does not represent the maximum cap on fees and costs, which could exceed the retainer so paid.

The Firm reserves the right to request from the Client replenishment of the retainer fee paid herein, when the amount held by the Firm as the retainer is depleted and the amount remaining in the trust account of the Firm is at an amount of no more than 25% of the original retainer amount. Failure of Client to replenish the trust account, after five (5) business days from the request to replenish, will constitute a default under the retainer agreement, and will serve as a basis for the Firm to seek to withdraw further representation of the Client, and for the Firm to take all appropriate steps to protect any outstanding fees and costs due to the Firm, as such steps are allowed pursuant to this agreement and applicable Florida law.

6.      We shall have the right to withdraw from representing you if you (a) do not make any payment required, (b) have misrepresented or failed to disclose material facts, or © fail to follow our advice. In any of these events, you will execute such necessary documents as will permit us to withdraw.

Consumer Advocacy Center Inc.
December 6, 2018
Page #5

7.   Counsel reserves the right to withdraw from the matter at any time if the Client fails to honor this agreement or for any just reason as permitted or required under the Florida Rules of Professional Conduct or as permitted by the appropriate Rules of Court.  Notification of withdrawal shall be made in writing to Client.  In the event of such withdrawal, Client agrees to promptly pay Counsel for all services rendered by Counsel and all other fees, charges and expenses incurred pursuant to this agreement prior to the date of such withdrawal.

8.   This agreement contains the entire agreement between Client and Counsel regarding the matter and the fees, charges and expenses to be paid relative thereto.  This agreement shall not be modified except by written agreement signed by Client and Counsel.  This agreement shall be binding upon Client and Counsel and their respective heirs, executors, legal representatives, successors, and assigns.

9.   To protect our attorney's fees and costs until they are paid, we shall be entitled to an attorney's charging and/or retaining lien on all real and personal property which we recover, retain, preserve and/or protect for you.  In the event we are discharged or are required to withdraw before the completion of any lawsuit that is filed, we shall be entitled to a retaining lien, a charging lien and to obtain a Court order protecting our right to a charging lien and/or to bring independent action, as well as to proceed in the same action, to enforce our charging lien.

10.  You acknowledge that we have made no guarantees in the disposition of any phase of the matter, and that all expressions relative to it are only our opinions.  If you have previously retained other Counsel in this matter, then you represent to us now that you have discharged said Counsel and that no monies and/or other obligations are owed to said Counsel which would interfere with, preempt or preclude the fulfillment of any of your obligations under this agreement.

11.  Email Communications.  Counsel does not encrypt email and other electronic media communications to its Client except as required by federal and state law and regulation.  By signing this Agreement, Client acknowledges that the Firm does not, unless as noted above, encrypt such communications and waives any right to encrypted communications.

12.  Retention of Documents.  In the course of Counsel's representation of Client, Counsel is likely to come into possession of various documents and materials which Florida law recognizes are Client' papers and property.  Such papers and property may include correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the representation.   Upon the termination or conclusion of Counsel's representation

Consumer Advocacy Center Inc.
December 6, 2018
Page 5

with respect to the matter to which such Client' papers and property relate, upon the Counsel identified by Client such papers and property. In the event of any such termination or conclusion, Counsel shall be entitled to retain a copy of any records or files relating to such matter. If Client do not make such a request within six (6) months after the conclusion of the matter to which such papers and property relate, then Counsel may destroy or discard such papers and property according to Counsel's normal document retention procedure.

Under the Firm's document retention policy, we will assume no responsibility to maintain closed Client files and documents for more than two (2) years after the matter is closed. Furthermore, when this matter is closed, it is your responsibility to identify any documents in our possession of which you would like custody. By executing this agreement, you agree to the firm's document retention policy outlined herein for all files relating to this matter, to assume the responsibility for identifying and preserving any originals or other documents to be delivered to you for preservation after the matter is closed, and consent to any remaining files and documents being destroyed two (2) years after the matter is closed without further notice.

Thanking you for selecting us as your attorneys. Please sign a copy of this Agreement and return it to us.

Please sign a copy of this Agreement and return it to us.

BEHAR, GUTT & GLAZER, P.A.

By: _____
BRIAN S. BEHAR

READ, ACCEPTED AND AGREED THIS 10th DAY OF December _____

CONSUMER ADVOCACY CENTER INC.

By: _____

Its: President _____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE:

CONSUMER ADVOCACY CENTER, INC.

      Debtor

_____/

CASE NO. 19-10655-JKO

CHAPTER 11 PROCEEDING

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on **February 11, 2019**, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF, and that the *Motion for Authority to Retain*

*Attorney for Debtor-in-Possession*, served this day on all counsel of record or pro se parties

identified on the attached list, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to

receive electronically Notices of Electronic Filing.

                        BEHAR, GUTT & GLAZER, P.A.
                        Attorneys for Debtor
                        DCOTA, Suite A-350
                        1855 Griffin Road
                        Fort Lauderdale, Florida 33004
                        Telephone:  (305) 931-3771
                        Fax:  (305) 931-3774

                        By:_____ **/s/ Brian S. Behar**_____

                             BRIAN S. BEHAR
                             FBN: 727131

S:\111795.01\Pleadings\Cert of Serv motion retain counsel.wpd

Label Matrix for local noticing
113C-0
Case 19-10655-JKO
Southern District of Florida
Fort Lauderdale
Tue Jan 22 16:23:53 EST 2019

Consumer Advocacy Center Inc.
173 Tehnology Dr #202
Irvine, CA 92618-2489

Aaron Frey, Maine Atty General
6 State House Station
Augusta, ME 04333-0006

Abante Rooter & Plumbing, Inc.
c/o Andrew Heidarpour, Esq.
Heidarpour Law Firm, PLLC
1300 Pennsylvannia Ave, NW 190-318
Washington, DC 20004-3002

Alan Wilson, S.C. Attorney General
Office of Atty General South Carolina
1000 Assembly Street, Rm 519
Columbia, SC 29201-3117

Bob Fuerguson, Attorney General
Office of Attorney General Washington
1125 Washington Street
P.O. Box 40100
Olympia, WA 98504-0100

Brian E. Frosh, Attorney General
Office of Atty General State of Maryland
200 St. Paul Place
Baltimore, MD 21202-2004

Bryan A. Schneider, Secretary
Illinois Division of Finance & Prof Reg
320 West Washington Street, 3rd Fl
Springfield, IL 62786-0001

Bureau of Consumer Financial Protection
1700 G Street NW
Washington, DC 20552-0004

Carla Ogden
500 South Second St
Springfield, IL 62701-1705

Carolyn Hahn, Sr. Lit Counsel
1700 G Street NW
Washington, DC 20554-0001

Carolyn Hahn, Sr. Lit counsel
1700 G Street NW
Washington, DC 20552-0003

Chad Ploof
c/o Andrew Heidarpour, Esq.
HeidarpourLaw Firm, PLLC
1300 Pennsylvannia Ave
Washington, DC 20004-3002

Chancellor Leonard
c/o Alex M. Washkowitz, Esq.
CW Law Group, P.C.
488 Oaks Road
Framingham, MA 01702

Christopher Dolejs
c/o David Force, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave, Ste 303
Englewood Cliffs, NJ 07632-2505

Consumer Finanical Protection Bureau
1700 G Street NW
Washington, DC 20552-0004

Curtis T. Hill, Attorney General
Office of Atty General State of Indiana
302 W. Washington Street, 5th Floor
Indianapolis, IN 46204-4701

David C. Evers
Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9000

Deborah Morris, Deputy Enforcement Dir
1700 G Street NW
Washington, DC 20552-0003

Department of Consumer & Business Servic
Division of Financial Regulation
P.O. Box 14480
Salem, OR 97309-0405

Ellen F. Rosenblum, Atty General
Oregon Dept of Justice
1162 Court St., NE
Salem, OR 97301-4096

Evan Romanoff
Office of the Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55101-2130

Federal Communications Commission
445 12th Street, SW
Washington, DC 20554-0005

(p)FEDERAL TRADE COMMISSION
ASSOCIATE DIRECTOR
DIVISION OF ENFORCEMENT
600 PENNSYLVANIA AVE NW MAIL DROP NJ-2122
WASHINGTON DC 20580-0001

Gavin M. Gee, Dir of Finance
Idaho Dept of Finance
800 Park Blvd, Suite 200
Boise, ID 83712-7768

George Jepsen, Attoney General
Office of Attorney General, Connecticut
55 Elm Street
Hartford, CT 06106-1752

Gordon McDonald, Attorney General
New Hampshire Dept of Justice
33 Capital Street
Concord, NH 03301-6310

Graham Sorkin
2125 Delaware Ave, Suite A
Santa Cruz, CA 95060-5752

Greg Gonzales, Commissioner
Tennessee Dept of Financial Insti
312 Rosa L. Parks Ave, 26th Floor
Nashville, TN 37243-1102

Jay Brodsky
240 East Shore Road
Great Neck, NY 11023-2438

Jeffrey Bloomfield, Attorney at Law
301 North Main Street, Ste 2400
Winston Salem, NC 27101-3835

Jeremy Jackson
c/o Stephen P. DeNittis
DeNittis Osefchen Prince, PC
1515 Market Street, Ste 1200
Philadelphia, PA 19102-1932

Joseph Bond
c/o Todd M. Friedman
The Law Office of Todd M. Friedman, P.C.
21550 Oxnard St, Ste 780
Woodland Hills, CA 91367-7104

Josh Shapiro, Penn Attorney General
Office of Atty General of Pennsylvannia
Strawberry Square
Harrisburg, PA 17120-0001

Justice Rillera
Financial Enforcement Officer
350 Winter St, NE, Rm 410
Salem, OR 97301-3881

Katrina G. Cardin
Consumer Protection Investigator
P.O. Box 8911
Madison, WI 53708-8911

Kristi Thompson
445 12th Street, SW
Washington, DC 20554-0004

Lee R. Keith
Missouri Division of Finance
Truman State Office Bldg. Rm 630
Jefferson City, MO 65102

Letitia James, Attorney General
Office of Atty General New York State
The Capitol
Albany, NY 12224-0341

Maura Healey, Attorney General
Office of Atty General of Massachusetts
1350 Main Street, 4th Floor
Springfield, MA 01103-1664

Melanie G. Hall, Commissioner
Montana Div of Banking & Financial Insti
P.O. Box 200546
Helena, MT 59620-0546

Mike Devine, Attorney General
Ohio Attorney General
30 E. Broad St. 14th Floor
Columbus, OH 43215-3414

Office of Attorney General
1300 'I' Street
Sacramento, CA 95814-2963

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Quintin Brown
5810 Riley Street, Unit 2
San Diego, CA 92110-1760

Ray Grace, Commission
North Caroolina Comm of Banks
4309 Mail Service Center
Raleigh, NC 27699-4309

Ryan Sullivan
Office of Consumer Protection
Helena, MT 59620-0151

Scott Cameron, Senior Deputy Comm
California Dept of Business Oversight
Financial Services Division
1515 K Street, Suite 200
Sacramento, CA 95814-4052

Shante Willis
45 12th Street, SW
Washington, DC 20554-0001

Shawna Meyer
120 SW 10th Ave, 2nd Floor
Topeka, KS 66612-1237

State of California
Attorney General Public Inquiry Unit
Consumer Protection Division
P.O. Box 944255
Sacramento, CA 94244-2550

State of Colorado
Phil Weiser, Attorney General
Ralph L. Carr Judicial Bldg
1300 Braodway  10th Floor
Denver, CO 80203-2104

State of Connecticut
Jorge Perez, Commissioner
260 Constitution Plaza
Hartford, CT 06103-1820

State of Georgia
Chris Carr, Attorney General
40 Capital Square, SW
Atlanta, GA 30334-9057

State of Idaho
Lawrence G. Wasden, Atty General
700 W. Jefferson Street
Boise, ID 83720-0010

State of Illinois
Office of the Attorney General
Consumer Protection Division
500 South Second St
Springfield, IL 62701-1705

State of Indiana
Indiana Dept of Financial Institution
30 South Meridian St, Ste 300
Indianapolis, IN 46204-3509

State of Iowa
Iowa Division of Banking
200 East Grand Ave, Ste 300
Des Moines, IA 50309-1827

State of Kansas
Office of Atty General Derek Schmidt
Consumer Protection Division
120 SW 10th Ave, 2nd Floor
Topeka, KS 66612-1237

State of Maine
Anne L. Head, Commissioner
Maine Dept of Proff & Finance Regulation
35 State House Station
Augusta, ME 04333-0035

State of Maryland
Antonio P. Salazar, Commissioner
Financial Regulation
500 North Calvert St, Ste 402
Baltimore, MD 21202-3659

State of Massachusetts
CRA Unit
One South Stateion 3rd Floor
Boston, MA 02110-2253

State of Minnesota
Office of the Attorney General
445 Minnesota St, Suite 1200
Saint Paul, MN 55101-2130

State of Missouri
Office of Atty General
Consumer Protection Division
P.O. Box 899
Jefferson City, MO 65102-0899

State of Montana
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT 59620-0151

State of New Hampshire
Gerald H. Little, Commissioner
New Hampshire Banking Dept
53 Regional Drive, Ste 200
Concord, NH 03301-8500

State of New York
Maria T. Vullo, Superintendent of Financ
NY Dept of Financial Services
One State Street
New York, NY 10004-1511

State of North Carolina
Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001

State of North Dakota
Office of Attorney General
Gateway Professional Center
1050 E. Interstate Ave, Ste 200
Bismarck, ND 58503-5574

State of Ohio
Jacqueline T. Williams, Director
Ohion Dept of Commerce
77 S. High St, 21 Floor
Columbus, OH 43215-6120

State of Oklahoma
Office of Attorney General
Consumer Protection Unit
313 NE 21st Street
Oklahoma City, OK 73105-3207

State of Oregon
Department of Consumer & Business Servic
Division of Financial Regulation
350 Winter St NE Room 410
Salem, OR 97301-3881

State of Pennsylvannia
Robin L. Weissmann, Secretary of Banking
Market Square Plaza
17 N. Second Street. Ste 1300
Harrisburg, PA 17101-1642

State of South Carolina
David Campbell, Commissioner
2221 Devine Street, Ste 200
Columbia, SC 29205-2418

State of Tennessee
Department of Commerce & Insurance
Phyllis Jordan ASA II, Consumer Affairs
500 James Robertson Pkwy
Nashville, TN 37243-0565

State of Vermont
Molly Dillon, Deputy Comm of Banking
Vermont Dept of Financial Regulation
89 Main Street
Montpelier, VT 05620-3101

State of Washington
Levi Clemmens, Director
Washington State Dept of Financial Insti
P.O. Box 41200
Olympia, WA 98504-1200

State of Wisconsin
Dept of Agriculture, Trade & Consumer
2811 Agriculture Dr.
Madison, WI 53718-6777

Steve Kelly, Commissioner
Minnesota Depart of Commerce
Golden Rule Bldg
85 7th Place East, Suite 280
Saint Paul, MN 55101-2143

Stuart Abramson
522 Glen Arden Drive
Pittsburgh, PA 15208-2809

Sue Reed
Consumer Advocate
120 SW 10th Ave, 2nd Floor
Jefferson City, MO 65102

Susan Laib
Lead Consume Special
313 NE 21st Street
Oklahoma City, OK 73105-3207

TJ Donovan, Vermont Atty General
109 State Street
Montpelier, VT 05609-0002

Time Kemp, Deputy Bank Commissioner
State Bank Commof Kansas
700 SW Jackson St, Suite 300
Topeka, KS 66603-3782

Tom Miller, Iowa Attorney General
Iowa Dept of Justice
Hover State Office Bldg
1305 E. Walnut Street
Des Moines, IA 50319-0106

Wayne Stenehjem, Atty General
1050 E. Interstate Ave, Ste 200
Bismarck, ND 58503-5574

Brian S Behar Esq
1855 Griffin Road, Suite A-350
Ft. Lauderdale, FL 33004-2210

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Federal Trade Commission
Tara Isla Koslov, Chief of Staff
600 Pennsylvannia Ave, NW
Washington, DC 20580


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Bob Moses                    End of Label Matrix
                                Mailable recipients    86
                                Bypassed recipients     1
                                Total                  87