**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

CONSUMER ADVOCACY CENTER, INC.,        Case No. 19-10655-SMG

    Debtor.                                                      Chapter 7
_____/

SONYA SALKIN SLOTT,
chapter 7 Trustee,

    Plaintiff,

v.                                                                       Adv. No. 21-01007-SMG

THE BREA FINANCIAL GROUP, LLC D/B/A
PUB CLUB LEADS and ADAM STHAY,

    Defendants.
_____/

### DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

      Defendants, The Brea Financial Group, LLC d/b/a Pub Club Leads ("Pub Club") and Adam Sthay ("Sthay," with Pub Club, "Defendants"), pursuant to Fed. R. Civ. P. 26(a)(1), made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7026, make the following initial disclosures. These disclosures are based on information presently known and reasonably available to Defendants and which Defendants reasonably believe they may use in support of their claims and defenses. Continuing investigation and discovery may cause Defendants to amend these initial disclosures by identifying other potential witnesses, documents, and by disclosing other pertinent information. Defendants therefore reserve the right to supplement these initial disclosures. Defendants object to any disclosure of information or documents beyond that which is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States Bankruptcy Court for the Southern District of Florida, or other applicable law, rule, or order. By providing these initial

disclosures, Defendants do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this action. In addition, these disclosures are made without Defendants in any way waiving its right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by Defendants regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

## DISCLOSURES

i. **The name and, if known, the address and telephone number of each individual likely to have discoverable information —along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1. Adam Sthay
   c/o Vincent F. Alexander, Esq.
   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   110 SE 6th Street, Suite 2600
   Fort Lauderdale, Florida 33301
   Tel.: 954-728-1280
   Fax: 954-728-1282
   E-mail: Vincent.Alexander@lewisbrisbois.com

   Mr. Sthay is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the relationship between Consumer Advocacy Center, Inc. and The Brea Financial Group, LLC d/b/a Pub Club Leads, any payments received by The Brea Financial Group, LLC d/b/a Pub Club Leads from Consumer Advocacy Center, Inc., and services provided to Consumer Advocacy Center, Inc. by The Brea Financial Group, LLC d/b/a Pub Club Leads.

2. Corporate Representative of The Brea Financial Group, LLC d/b/a Pub Club Leads
   c/o Vincent F. Alexander, Esq.
   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   110 SE 6th Street, Suite 2600
   Fort Lauderdale, Florida 33301
   Tel.: 954-728-1280
   Fax: 954-728-1282
   E-mail: Vincent.Alexander@lewisbrisbois.com

   The corporate representative of The Brea Financial Group, LLC d/b/a Pub Club Leads is likely to have knowledge of the facts and circumstances relevant to this action,

including, but not limited to, the relationship between Consumer Advocacy Center, Inc. and The Brea Financial Group, LLC d/b/a Pub Club Leads, any payments received by The Brea Financial Group, LLC d/b/a Pub Club Leads from Consumer Advocacy Center, Inc., and services provided to Consumer Advocacy Center, Inc. by The Brea Financial Group, LLC d/b/a Pub Club Leads.

3. Sonya Salkin Slott, chapter 7 trustee
   c/o Glenn D. Moses, Esq., Gregory M. Garno, Esq., and Heather L. Harmon, Esq.
   **GENOVESE JOBLOVE & BATTISTA, P.A.**
   100 S.E. Second Street, Suite 4400
   Miami, Florida 7131
   Tel: (305) 349-2300
   Fax: (305) 349-2310
   E-mail: gmoses@gjb-law.com
   ggarno@gjb-law.com
   hharmon@gjb-law.com

   Ms. Slott is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the allegations asserted in the Complaint.

4. Corporate Representative of Consumer Advocacy Center, Inc.

   A corporate representative of Consumer Advocacy Center, Inc. is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the relationship between Consumer Advocacy Center, Inc. and The Brea Financial Group, LLC d/b/a Pub Club Leads.

5. Albert Kim

   Mr. Kim is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the relationship between Consumer Advocacy Center, Inc. and The Brea Financial Group, LLC d/b/a Pub Club Leads.

ii. **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

   1. The Brea Financial Group, LLC d/b/a Pub Club Leads Bank Statements
   2. Agreements between Defendants and Consumer Advocacy Center, Inc.
   3. Documents evidencing services provided to Consumer Advocacy Center, Inc. by The Brea Financial Group, LLC d/b/a Pub Club Leads

iii. **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

4837-1419-4160.2                              3

Not applicable.

iv. **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendants have provided Plaintiff, Sonya Salkin Slott, chapter 7 trustee, with copies of all insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: July 14, 2021

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Defendants*
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Tel.: 954-728-1280
Fax: 954-728-1282
E-mail: Vincent.Alexander@lewisbrisbois.com

By: /s/ Vincent F. Alexander
Vincent F. Alexander
Florida Bar No. 68114

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 14, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties who are authorized to receive electronically Notice of Electronic Filing in this adversary proceeding.

By: /s/ Vincent F. Alexander
Vincent F. Alexander