UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division
www.flsb.uscourts.gov

In re:                                                              CASE NO.: 19-10655-JKO

**CONSUMER ADVOCACY CENTER, INC.**           CHAPTER 7

    Debtor.

_____/

**DEBTOR CONSUMER ADVOCACY CENTER, INC.'S AND ALBERT KIM'S
PRECAUTIONARY JOINT MOTION FOR ENLARGEMENT OF TIME
TO COMPLY WITH COURT ORDER REQUIRING TURNOVER**

Chapter 7 Debtor, Consumer Advocacy Center, Inc. (the "Debtor"), and Albert Kim, by their undersigned counsel, pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, and on a precautionary basis, moves for an enlargement of time to comply with the Court's Order Granting Motion to Compel dated August 20, 2019 [ECF No. 88] and states the following:

**PROCEDURAL BACKGROUND**

1. On January 16, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy States Code.

2. Prior to the Petition Date, the Debtor was in the business of providing services relating to assistance with student loan debt relief. The Debtor ceased operations on or about September 21, 2018. Post-petition, the Debtor engaged in a limited lead brokering business that produced minimal net revenue.

3. On June 14, 2019, the United States Trustee filed a Motion for the Appointment of a Chapter 11 Trustee, or alternatively, for the Appointment of a Chapter 11 Examiner, pursuant to Section 1104 of the Bankruptcy Code (the "Motion to Convert"). ECF No. 54.

4. On July 31, 2019, the Court entered an Order Directing the Appointment of a Chapter 11 Trustee and Setting Status Conference [ECF No. 69] and on August 2, 2019, the Office of the United States Trustee appointed Sonya S. Slott as the Debtor's Chapter 11 Trustee [ECF No. 70].

5. Soon after her appointment, the Trustee sent a set of requests to the Debtor for turnover of the Debtor's records and information, including the Debtor's servers and cloud-based Customer Relation Management ("CRM") software (the "Turnover Requests").

6. The Debtor's principal, Albert Kim, upon being advised of the appointment of a Chapter 11 Trustee, undertook immediate steps to engage new or additional legal counsel. That process led to an unanticipated delay in responding to the Trustee's demand for turnover. The Debtor, upon receiving the Trustee's demand, preserved the available materials responsive to the Trustee's Turnover Requests. One of the purposes of engaging new or additional counsel was to assist in responding to the Turnover Requests.

7. On August 7, 2019, the Chapter 11 Trustee filed an Expedited Motion to Compel Turnover of Documents, Property and Information from the Debtor and the Debtor's Principal (the "Motion to Compel"). ECF No. 77.

8. On August 12, 2019, the Chapter 11 Trustee filed an Expedited (I) Recommendation for Conversion of Chapter 11 Case to Chapter 7 Case; Motion for Conversion of Chapter 11 Case to Chapter 7 Case; and (III) Report of Trustee Pursuant to 11 U.S.C. § 1106 (the "Conversion Motion"). ECF No. 82.

9. On August 19, 2019, the Court conducted a hearing on the Motion to Compel and the Conversion Motion. The Debtor did not oppose either of the motions. The Court granted the Conversion Motion and the Motion to Compel.

10. On August 20, 2019, the Court entered an Order Granting Chapter 11 Trustee's Expedited Motion to Compel Turnover of Documents, Property and Information from the Debtor and the Debtor's Principal (the "Turnover Order"). ECF No. 88.

11. On August 20, 2019, the Court entered its Order Converting Case Under Chapter 11 to Case Under Chapter 7. ECF No. 86. On the same day, the United States Trustee provided Notice of Appointment of Chapter 7 Trustee, providing notice that the Chapter 11 Trustee, Sonya Salkin Slott, was appointed as the Chapter 7 Trustee. ECF No. 89.

12. On August 12, 2019, Larry I. Glick and Peter H. Levitt, Shutts & Bowen, LLP, filed a Notice of Appearance for Albert Kim who is the Debtor's sole equity holder. At the hearing on August 19, 2019, Mr. Levitt advised the Court that one of the purposes of Mr. Kim's retention of counsel was to assist the Debtor's counsel, Brian Behar, in the production, on an expedited basis, of the documents and electronic data responsive to the Trustee's demand for turnover.

## THE TURNOVER ORDER

13. The Turnover Order directs the Debtor and Mr. Kim to turn over all property and information of the Debtor, including without limitation the Turnover Requests and all passcodes and login information, to the Trustee.

14. The Turnover Order requires production of electronically available information, other than CRM data, by August 21, 2019.

15. The Turnover Order requires production of CRM data by August 26, 2019. The Turnover Order also requires production, by August 26, 2019, of all tangible property, including without limitation the Debtor's computers, server(s), monitors and related property.

## **REQUEST FOR ENLARGEMENT OF TIME**

16. The Debtor believes that it has substantially complied with the Trustee's Requests and the Court's Turnover Order with respect to the materials and information required to be produced by August 21, 2019. In addition, the Debtor has notified the Trustee that its computers are available at 173 Technology Drive, Suite 202, Irvine, CA 92618 for pick-up or inspection. As of the date of this filing, the Trustee has not made any arrangements to retrieve these computers. The Debtor has provided its log-on and password for its accounting software and data as well as all available passwords and log-ons for on-line accounts, some of which may be closed. The Debtor has made available responsive documents that exist in pdf form through a secure Sharefile website.

17. The Debtor, when it was providing student loan-related services, maintained CRM platforms to store a substantial quantity of information needed to conduct its business. The Debtor maintained an account with DebtPayPro ("DPP") and an account with CallerReady ("CR"). The Debtor's CRM accounts are no longer owned by the Debtor. For this reason, it is the Debtor's position that the CRM data requested by the Trustee does not constitute information or data that is owned by the Debtor. Nevertheless, in an abundance of caution, to assist the Trustee, and to avoid any dispute concerning this matter, the Debtor has taken steps to retrieve the requested data and produce it.

18. The DPP data includes call records, notes, documents, and agreements. The DPP account was the major on-line storage facility utilized by the Debtor pre-petition, when it was

operating a student loan services business. This information would be relevant to continue operating the Debtor, which has been deemed not feasible by the Trustee. In addition, any financial information kept in the DPP system would be duplicative of the already produced accounting information.

19. The CR account was a separate on-line service used to maintain call recordings. However, the Debtor understands that CR does not maintain call recordings for more than six months. If this is the case, the Debtor will be unable to retrieve responsive records. The Debtor is in the process of verifying this routine expungement of call recordings.

20. The Debtor did not continue to use DPP or CR after September 21, 2018. The Debtor did not use any CRM platform after September 21, 2018. In order to comply with the Turnover Order, the Debtor has requested the assistance of various third parties to retrieve the CRM data that was created, entered or uploaded by the Debtor prior to its closure. The amount of data to be retrieved is very substantial. The task of retrieving all of the data cannot be completed by August 26, 2019.

21. The Debtor will produce a substantial quantify of its CRM data (for the period when it was operating a student loan services business) by the deadline of August 26, 2019. It is estimated that this data will be in excess of 3 GB. This data will be provided to the Trustee through an SFTP link or otherwise.

22. DPP used the Amazon Web Service to store a substantial volume of data, including documentary records. The Debtor is advised that the Amazon Web Service may be storing as much as an estimated 2.78 TB of data. This data has not been fully downloaded yet. The Debtor's best estimate of when this estimated 2.78 TB of data will be available for production to the Trustee is September 6, 2019.

23. All available CRM data of the Debtor that can be provided to the Trustee by August 26 will be provided. The Debtor hopes to complete its CRM production by September 6, 2019 but is requesting until September 13, 2019 in an abundance of caution.

24. The Debtor is utilizing best efforts to produce all available CRM data relating to the Debtor's business that can be retrieved. No CRM data (or any other data) is being altered, modified or deleted. The additional time requested herein will not prejudice the Chapter 7 Trustee or to the Estate. On August 26, 2019, prior to filing this motion, counsel for Mr. Kim attempted, without success, to reach Trustee's counsel to ascertain the Trustee's position as to the requested enlargement of time.

**WHEREFORE**, the Debtor and Albert Kim seek the entry of an Order (i) granting the Motion; (ii) enlarging the time for the Debtor and Mr. Kim to comply with the provision of the Turnover Order relating to CRM data to September 13, 2019, and (iii) granting such other relief as the Court may deems just and proper.

**BEHAR, GUTT & GLAZER, P.A.**
Attorneys for Debtor
DCOTA, Suite A-350, 1855 Griffin Road
Fort Lauderdale, Florida 33004
Telephone: (305) 931-3771
Fax: (305) 931-3774

By: /s/ *Brian S. Behar*
Brian S. Behar
Fla. Bar. No.: 727131

**SHUTTS & BOWEN LLP**
Attorneys for Albert Kim
200 South Biscayne Blvd., Suite 4100
Miami, FL  33131
Telephone: (305) 358-6300
Fax: (305) 381-9982

By: */s/ Peter H. Levitt*
Peter H. Levitt
Fla. Bar No.: 650978

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion was served via the Court's Case Management/Electronic Case Filing System upon all interested creditors and parties registered to receive electronic notification on this matter and/or via U.S. Mail/E-mail as indicated on the Service List below on this 26th day of August, 2019.

>  */s/ Peter H. Levitt*
>  Peter H. Levitt

*Electronic Mail Service List*

- Brian S Behar
  bsb@bgglaw.net

- Glenn D Moses
  gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com; vlambdin@gjb-law.com;jzamora@gjb- law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

- Office of the US Trustee
  USTPRegion21.MM.ECF@usdoj.gov

- Sarah Preis
  sarah.preis@cfpb.gov

- Zana Michelle Scarlett
  Zana.M.Scarlett@usdoj.gov

- Sonya Salkin Slott
  sonya@msbankrupt.com, FL41@ecfcbis.com; sls1@trustesolutions.net;mark@msbankrupt.com;Kristen@msbankrupt.com;sls@msbankrupt.com;trusteesalkin@msbankrupt.com;Zachary@msbankrupt.com

- Jesse D Stewart
  jesse.stewart@cfpb.gov

- Larry I. Glick
  lglick@shutts.com

*U.S. Mail Service List*

Laurel Loomis Rimon
lrimon@omm.com
O'Melveny & Myers LLP
1625 Eye Street, NW Washington, DC 20006
Co-Counsel for Albert Kim