UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

CONSUMER ADVOCACY
CENTER, INC.,

        Debtor.
_____/

Case No. 19-10655-JKO

Chapter 7

## CHAPTER 7 TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE FROM NATIONAL MERCHANT CENTER

Sonya S. Slott, as Chapter 7 Trustee (the "Trustee") for Consumer Advocacy Center, Inc. (the "Debtor"), by and through her undersigned counsel, files this *Motion for Turnover of Property of the Estate from National Merchant Center* with respect to a merchant account reserve in the amount of $163,913.00 (the "Motion") and in support thereof states as follows:

### Procedural Background

1. On January 16, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy States Code.

2. On July 31, 2019, this Court entered an *Order Directing the Appointment of a Chapter 11 Trustee and Setting Status Conference* [ECF No. 69]. Sonya S. Slott was thereafter appointed as the Debtor's Chapter 11 trustee [ECF No. 70].

3. On August 20, 2019, this Court entered an Order converting the Debtor's case to a chapter 7 proceeding [ECF No. 86]. Sonya S. Slott was thereafter appointed as the Debtor's Chapter 7 Trustee [ECF No. 89].

4. Prior to the Petition Date, the Debtor was in the business of providing services relating to assistance with student loan debt relief. According to the Debtor, it "assisted Federal student loan borrowers by helping them choose the best Dept. of Education repayment programs

to suit their needs. The Debtor also assisted such borrowers by preparing the requisite documentation they needed to submit to the Dept. of Education." *See* ECF No. 11.

### Turnover from National Merchant Center

5. In the course of its pre-petition operations, the Debtor utilized several merchant service companies to process credit and debit card transactions, including National Merchant Center ("NMC"). In connection therewith, credit card processors typically withhold a reserve for future potential chargebacks.

6. The Debtor's post-conversion amended schedules [ECF No. 138] disclose a reserve balance with NMC in the amount of $163,913.00 (the "Reserve Funds").

7. The Reserve Funds are property of the estate under 11 U.S.C. § 541(a) and the Trustee is entitled to possession in order to make a proper distribution pursuant to her duties under 11 U.S.C. § 704(a)(1).1 The Trustee seeks turnover of property of the estate under 11 U.S.C. § 542, the section governing turnover of property of the estate.

8. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held." 11 U.S.C. § 541(a)(1). The Reserve Funds were listed on the Debtor's post-conversion schedules and, indeed, property of the estate is "an extremely broad concept" and includes "all interests held by the debtor," including "future, non-possessory contingent, speculative, and derivative interests." *In re Herman*, 495 B.R. 555, 583-84 (Bankr. S.D. Fla. 2013).

9. Under Section 704(a)(1), the "trustee shall collect and reduce to money the property of the estate for which the trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest . . ." 11 U.S.C. § 704(a)(1).

10. Section 542(a) of the Bankruptcy Code provides that an entity in custody or control of property that the trustee may sell or the debtor may claim as exempt shall be delivered

2

to the trustee and be accounted for by the entity delivering the property, unless such property is of inconsequential value to the estate. See *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 207 (1983) ("§ 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings.").

11. There is no question that the Reserve Funds are property of the Debtor's estate. The Trustee has made several requests to NMC to turn over the Reserve Funds to the Trustee. NMC has been unresponsive. Accordingly, the Trustee requests the entry of an Order substantially in the form attached hereto as **Exhibit "A"** providing for the turnover of the Reserve Funds to the Trustee.

WHEREFORE, the Trustee seeks the entry of an Order substantially in the form attached hereto as **Exhibit "A"** (i) granting the Motion, (ii) providing for the turnover of the Reserve Funds to the Trustee, and (iii) granting such other relief as the Court may deems just and appropriate.

Dated: October 23, 2019

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Chapter 7 Trustee*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:   /s/   *Heather L. Harmon*
      Glenn D. Moses, Esq.
      Fla. Bar No. 174556
      gmoses@gjb-law.com
      Heather L. Harmon, Esq.
      Fla. Bar No. 013192
      hharmon@gjb-law.com

# EXHIBIT "A"
*(Proposed Order)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

CONSUMER ADVOCACY CENTER, INC.,

CASE NO. 19-10655-JKO

Chapter 7

Debtor.
_____/

**[PROPOSED] ORDER GRANTING CHAPTER 7 TRUSTEE'S
MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE
FROM NATIONAL MERCHANT CENTER**

THIS CAUSE came before the Court on _____ upon the *Chapter 7 Trustee's Motion for Turnover of Property of the Estate from National Merchant Center* (the "Motion") [ECF No. ____] filed by Sonya S. Slott, as Chapter 7 Trustee (the "Trustee") for Consumer Advocacy Center, Inc. (the "Debtor"). The Court, having considered the Motion, the presentation of counsel, and being otherwise apprised of the premises,

**ORDERS** as follows:

1. The Motion is GRANTED.

2. National Merchant Center is directed to turn over the Reserve Funds[1] in the amount of $163,913.00 to the Trustee within 5 days of the entry of this Order.

### 

**Submitted by:**
Heather L. Harmon, Esq.
Genovese Joblove & Battista, P.A.
Attorneys for Sonya S. Slott, Chapter 7 Trustee
100 Southeast Second Street, 44th Floor
Miami, Florida 33131
Telephone:  305.349.2300
Facsimile:   305.349.2310
hharmon@gjb-law.com

**Copy to**:
Heather L. Harmon, Esq.
[Attorney Harmon shall forward a conformed copy of this Order to all interested parties.]

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Motion.