UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

                                                            Case No. 19-10655-JKO

CONSUMER ADVOCACY
CENTER, INC.,                                              Chapter 7

          Debtor.
_____/

**TRUSTEE'S MOTION TO COMPEL DISCOVERY RESPONSES
FROM HOUSE LANNISTER STAFFING, INC.**

Sonya S. Slott, the Chapter 7 Trustee (the "**Trustee**") for Consumer Advocacy Center, Inc. (the "**Debtor**"), by and through her undersigned counsel and pursuant to Federal Rules of Bankruptcy Procedure 2004, files this Motion (the "**Motion**") to Compel Discovery Responses From House Lannister Staffing, Inc. ("**House Lannister**"). In support thereof, the Trustee states as follows:

**Procedural Background**

1.      On January 16, 2019, the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

2.      On July 31, 2019, this Court entered an *Order Directing the Appointment of a Chapter 11 Trustee and Setting Status Conference* [ECF No. 69]. Sonya S. Slott was thereafter appointed as the Debtor's Chapter 11 trustee [ECF No. 70].

3.      The Debtor's case was converted to a chapter 7 proceeding on August 20, 2019 [ECF No. 86] and Sonya S. Slott was thereafter appointed as the Debtor's Chapter 7 Trustee [ECF No. 89].

**Receivership Proceedings in California**

4.  Prior to the Petition Date, the Debtor was purportedly in the business of providing services relating to assistance with student loan debt relief. According to the Debtor, it "assisted Federal student loan borrowers by helping them choose the best Dept. of Education repayment programs to suit their needs. The Debtor also purportedly "assisted such borrowers by preparing the requisite documentation they needed to submit to the Dept. of Education." *See* ECF No. 11.

5.  On October 21, 2019, the Federal Bureau of Consumer Financial Protection and certain state governmental entities commenced a proceeding in the United States District Court for the Central District of California (the "**District Court**") against the Debtor and certain related entities and individuals captioned *Bureau of Consumer Financial Protection, et al., v. Consumer Advocacy Center, Inc., True Count Staffing, Inc., Prime Consulting, LLC, Albert Kim, Kaine Wen, And Tuong Nguyen, Defendants, and Infinite Management Corp., Hold the Door Corp. and TN Accounting, Inc., Relief Defendants* Case No. 19-cv-01998-JVS (the "**Receivership Proceeding**").

6.  On October 21, the District Court entered an *Ex-Parte Temporary Restraining Order with Asset Freeze, Appointment of Receiver, and Other Equitable Relief, and Order to Show Cause why a Preliminary Injunction should not Issue* [ECF No. 24 in the Receivership Court Proceeding] (the "**TRO**").

7.  Thereafter, on November 15, 2019, the District Court entered a *Stipulated Preliminary Injunction With Asset Freeze, Appointment of Receiver, and Other Equitable Relief* [ECF No. 103 in the Receivership Proceeding] (the "**Preliminary Injunction**"). A copy of the Preliminary Injunction is attached as **Exhibit "A"**.

8.  The Preliminary Injunction makes clear in several provisions that it is not intended to interfere with or otherwise impede the Trustee's administration of the Debtor's estate.[1]

### House Lannister/2004 Request

9.  The Trustee has determined that, during the 4 years prior to the Petition Date, House Lannister received payments from the Debtor in the amount of $2.3 million.

10. Upon information and belief, House Lannister is an insider of the Debtor.

11. House Lannister is not a defendant in or a party to the Receivership Proceeding.

12. On September 10, 2019, the Trustee served House Lannister with a Subpoena for Rule 2004 Examination (Records Request Only) (the "**2004 Request**") [ECF No. 120], seeking production of documents relating to its relationship with the Debtor.

13. The deadline for House Lannister to respond to the 2004 Request was October 13, 2019, which deadline was subsequently extended by agreement to November 1, 2019.

14. Rather than file an objection, House Lannister, through its counsel Venable, LLP,[2] stated that while it was not opposed to responding to the 2004 Request, it was concerned that compliance with such 2004 Request could somehow result in House Lannister being in violation of the Preliminary Injunction – which restrained entities from, among other things, transferring records relating to any defendant, including the Debtor.  *See* **Exhibit "B"**.

### Relief Requested

---

[1] By way of examples, (a) the TRO includes an asset freeze as to all Defendants except the Debtor, which assets are overseen by the Trustee [pg. 2], (b) the definition of "Assets" specifically excludes property of the Debtor's estate [pg. 2-3], (c) the Debtor, because it is under the jurisdiction of this Court and administered by the Trustee, is not a Receivership Defendant [pg. 7, 12-14], (d) several provisions of the Preliminary Injunction state that they do not apply to the Trustee or property of the estate [pg. 14- 17, 32 and 34], (e) the asset freeze does apply to the Trustee nor does it probity transfers of property of the estate to the Trustee [pg. 14], (f) financial institutions are directed maintain, preserve or otherwise retain documents or assets of the Debtor's estate as directed by the Trustee in writing, and are further directed to identify and provide the Trustee with account information relating to accounts in the name of the Debtor  [pg. 15-16] and (g) the Receiver is to turn over any property of the Debtor's estate to the Trustee [pg. 34].

[2] Venable, LLP represents most of the receivership, relief and individual defendants in the Receivership Proceeding.

15. By this Motion, the Trustee seeks the entry of an Order compelling House Lannister to produce the documents requested in the 2004 Request.

16. House Lannister is neither a defendant in nor a party to the Receivership Proceeding. It is, however, the recipient of approximately $2.3 million directly from the Debtor prior to the Petition Date.

17. The Preliminary Injunction makes clear that it is not designed to interfere with the Trustee's administration of the Debtor's estate. In particular, the Receiver and entities including financial institutions are directed to turn over property of the estate and related information to the Trustee.

18. Therefore, to the extent that House Lannister is in possession, custody or control of documents responsive to the 2004 Request, it should be compelled to produce such documents to the Trustee.

**WHEREFORE**, the Chapter 7 Trustee respectfully requests the entry of an Order (i) granting this Motion; (ii) compelling House Lannister to provide complete discovery responses within seven (7) days; and (iii) for any other relief the Court deems just and proper.

**Respectfully submitted: December 19, 2019.**

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
        *Attorneys for the Trustee*
        100 SE 2nd Street, Suite 4400
        Miami, Florida 33131
        Tel:   (305) 349-2300
        Fax:  (305) 349-2310

        By:   */s/ Glenn D. Moses*
            Glenn D. Moses, Esq.
            Florida Bar No. 174556
            Heather L. Harmon, Esq.
            Florida Bar No. 013192

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing Motion was served on December 19, 2019 to all registered users through the CM/ECF System as referenced on the attached service list, and by US mail and email to **Witt W. Chang, Esq., Venable LLP, 600 Massachusetts Avenue, NW, Washington, DC 20001, wwchang@venable.com.**

By: */s/ Glenn D. Moses*
Glenn D. Moses, Esq.
Florida Bar No. 174556
Heather L. Harmon, Esq.
Florida Bar No. 013192

# SERVICE LIST

Jeffrey P. Bast, Esq. on behalf of Interested Party Natural Nine Staffing, Inc.
jbast@bastamron.com,
jdepina@bastamron.com;kjones@bastamron.com;jmiranda@bastamron.com;mdesvergunat@bastamron.com

Jeffrey P. Bast, Esq. on behalf of Interested Party TN Accounting, Inc.
jbast@bastamron.com,
jdepina@bastamron.com;kjones@bastamron.com;jmiranda@bastamron.com;mdesvergunat@bastamron.com

Jeffrey P. Bast, Esq. on behalf of Interested Party Tuong Nguyen
jbast@bastamron.com,
jdepina@bastamron.com;kjones@bastamron.com;jmiranda@bastamron.com;mdesvergunat@bastamron.com

Brian S Behar, Esq on behalf of Debtor Consumer Advocacy Center Inc.
bsb@bgglaw.net

Michael S Budwick, Esq on behalf of Interested Party Anan Enterprises, Inc.
mbudwick@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Larry I Glick on behalf of Interested Party Albert Kim
lglick@shutts.com, dsuengas@shutts.com

Heather L Harmon, Esq on behalf of Trustee Sonya Salkin Slott
HHarmon@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Peter H Levitt, Esq on behalf of Interested Party Albert Kim
plevitt@shutts-law.com, sboisvert@shutts.com

Glenn D Moses, Esq on behalf of Trustee Sonya Salkin Slott
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Sarah Preis on behalf of Creditor Bureau of Consumer Financial Protection
sarah.preis@cfpb.gov

Zana Michelle Scarlett on behalf of U.S. Trustee Office of the US Trustee

Zana.M.Scarlett@usdoj.gov

Sonya Salkin Slott
sonya@msbankrupt.com,
FL41@ecfcbis.com;sls1@trustesolutions.net;mark@msbankrupt.com;Kristen@msbankrupt.com;sls@msbankrupt.com;trusteesalkin@msbankrupt.com;Zachary@msbankrupt.com

Charles R Sterbach on behalf of U.S. Trustee Office of the US Trustee
Charles.r.sterbach@usdoj.gov

Jesse D Stewart on behalf of Creditor Bureau of Consumer Financial Protection
jesse.stewart@cfpb.gov